UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARVIN PALMER,

    Plaintiff,

v.                                              CASE No. 8:12-CV-499-T-17TGW

ADECCO STAFFING SERVICE, et al.,

    Defendants.
_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the pro se plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) pursuant to 28 U.S.C. 1915 seeking a waiver of the filing fee for his complaint against the defendants.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's complaint alleges that he was denied treatment for injuries resulting from a work-related accident (Doc. 1, p. 3). Thus, the plaintiff seeks a "[s]tructured settlement award with medical benefits of life pension in accordance to the workers compensation law in the state of Florida and[/] or employment law" (id.).

Under Florida law, the Workers' Compensation Act is the exclusive remedy for claims by an injured employee against the employer or the employer's workers' compensation carrier. Section 440.11(1), (4), Fla. Stat. Workers' compensation liability extends to the injuries and aggravation of injuries "arising from medical treatment, or lack thereof, rendered incidental to [the employee's] original injury." Sullivan v. Liberty Mutual Ins. Co., 367 So.2d 658, 660 (Fla. 4th DCA 1979). As indicated by the Florida Supreme Court, "under this no-fault system, the employee relinquishes certain common-law rights with regard to negligence in the workplace and workplace injuries in exchange for strict liability and the rapid recovery of benefits." Aguilera v. Inservices, Inc., 905 So.2d 84, 90 (Fla. 2005).

An employee may allege an independent "intentional tort causing harm subsequent to and distinct from the workplace injury" in a Florida court.

Rance v. D.R. Horton, Inc., 392 Fed. Appx. 749, 751 (11th Cir. 2010). However, absent such an allegation, the Florida circuit courts have no jurisdiction over an employee's workers' compensation claim. Id. Further, the Eleventh Circuit has held that "where Florida's circuit courts lack jurisdiction over an employee's work-related claims because of the Act, a federal district court also lacks jurisdiction to consider those claims and any other claims 'for additional damages over and above the relief that can be obtained' in the state workers' compensation proceedings." Ebeh v. St. Paul Travelers, 2012 WL 669863 *2 (11th Cir. 2012) (quoting Connolly v. Md. Cas. Co., 849 F.2d 525, 528 (11th Cir. 1988)).

The plaintiff's complaint is procedurally inadequate. It states that this matter will address liability provision violations, disability discrimination, wrongful termination, intentional misrepresentation, falsification of business records, invasion of privacy by intrusion, and retaliation (Doc. 1, p. 2). However, the plaintiff does not allege any facts to establish such claims. Thus, the plaintiff has failed to satisfy the requirements of Fed.R.Civ.P. 8.

Moreover, all of the plaintiff's assertions arise from his contention that he was denied treatment for injuries stemming from a work-related accident.

In Rance, the employee asserted, among other things, claims of fraud, conspiracy, civil theft, and conversion. 392 Fed. Appx. at 751. However, the Eleventh Circuit held that "[d]espite [the plaintiff's] characterizations of each of these claims and the various forms of relief he sought, [the plaintiff's] claims sought compensation for an injury covered by the workers' compensation statute." Id. In the instant case, the plaintiff states that he was denied treatment, and he seeks redress for injuries, "all resulting from a work related accident that caused one injury to extend into another" (Doc. 1, p. 3). Thus, similar to the employee in Rance, the plaintiff does not sufficiently allege an independent intentional tort. Therefore, this court lacks jurisdiction, and the Workers' Compensation Act is the plaintiff's exclusive remedy.

For these reasons, the plaintiff's complaint is deficient and is subject to dismissal. §1915(e)(2)(B)(ii); Local Rule 4.07(a). However, it is appropriate to afford the plaintiff an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002)(§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Fed.R.Civ.P. 15). I therefore recommend that the complaint be dismissed

without prejudice and the Motion for Leave to Proceed In Forma Pauperis (Doc. 2) be deferred pending an opportunity for the plaintiff to file within 30 days a cognizable amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: MARCH 21, 2012

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).